UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-1208-TWP-MPB |
| TOP CLASS MOVING, INC., | ) ) ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Richard N. Bell's ("Mr. Bell") Motion for Default Judgment (Filing No. 9). On May 16, 2016, Mr. Bell filed his Complaint asserting one count of copyright infringement against Defendant Top Class Moving, Inc. ("Top Class"). Top Class has not filed an answer or other responsive pleading nor defended this action in any way. A Clerk's default was entered against Top Class on July 7, 2016 (Filing No. 8). For the reasons stated below, the Court **GRANTS** the Motion for Default Judgment. The default judgment resolves the copyright infringement claim against Top Class as to liability but requires a determination of the appropriate relief.

### I. CLAIMS AGAINST TOP CLASS

By his Complaint, Mr. Bell seeks statutory damages of at least $150,000.00, declaratory and injunctive relief, $417.50 in costs, and reasonable attorneys' fees. (*See* Filing No. 1 at 9–10; Filing No. 10-1 at 5; Filing No. 11 at 2).

The photograph at issue in this case, a photograph of the Indianapolis skyline, was first published on the Internet by Mr. Bell on August 29, 2000 (Filing No. 1 at 3, ¶ 10). On August 4, 2011, the photograph was registered with the United States Copyright Office. *Id.* at 3, ¶ 11. Mr.

Bell is the sole owner of the copyright to the photograph. *Id.* at 7, ¶ 34. Top Class downloaded or took the photograph from the Internet without Mr. Bell's permission, *id.* at 4 ¶ 17, and began publishing the photograph on its website in 2016 without paying for its use or obtaining authorization from Mr. Bell. *Id.* at 4–5, ¶¶ 20–21.

In April 2016, Mr. Bell discovered that Top Class had published the photograph on its website, which violated Mr. Bell's exclusive rights as the copyright owner. After discovering the copyright infringement, Mr. Bell sent Top Class an email requesting that it cease and desist and pay for said infringement ([Filing No. 10-1 at 3](), ¶ 8). Top Class refused to pay ([Filing No. 1 at 5](), ¶ 23; *see also* [Filing No. 10-1 at 3](), ¶ 8). Mr. Bell alleges that Top Class's copyright infringement was willful ([Filing No. 1 at 8](), ¶¶ 40–41).

## II. DISCUSSION

The Court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The Court has discretion to grant or deny a default judgment. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). However, damages "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. Because Top Class failed to respond to the allegations against it, all of the well-pleaded factual allegations in the Complaint regarding liability are taken as true.

To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017) (quotation marks and citation omitted), *reh'g and reh'g en banc denied* (July 10, 2017). The Complaint alleges that: (1) Mr. Bell is the sole owner of a registered copyright in the Indianapolis photograph, (2) Top Class downloaded or otherwise took the photograph from the Internet without permission, (3) Top Class published the photograph on its website without permission and without paying for it, and (4) Top Class's conduct violated the exclusive rights of Mr. Bell as owner of the copyright. These allegations establish liability for Top Class's copyright infringement.

Mr. Bell seeks statutory damages and argues that Top Class's infringement was willful. The Copyright Act allows the copyright owner to elect, and the Court to grant, "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).[1]

If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has broad discretion to assess damages within the statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985). In deciding what amount of statutory damages to award, the Court considers several factors:

> (1) the infringer's state of mind; (2) any expenses saved and profits earned by the infringer; (3) any revenue lost by the copyright holder; (4) the deterrent effect on the infringer and others; (5) the infringer's cooperation in providing evidence

---

[1] The bar to statutory damages and attorney's fees, *see* 17 U.S.C. § 412(2), is inapplicable because of the allegation that Top Class began publishing the photograph in 2016.

> concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bell v. McLaws*, 2015 WL 751737, at *1 (S.D. Ind. Feb. 23, 2015) (citing *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010)).

The Court is without sufficient evidence at this time to assess these factors and determine an appropriate statutory damages award. Significantly, although the Complaint alleges that Top Class's infringement was willful, the allegations in that regard are conclusory and without any factual support. For example, the Complaint does not allege that Mr. Bell notified Top Class about his copyright in the photograph and asked it to cease infringing activities. The Court notes that such an allegation is first made in Mr. Bell's declaration ([Filing No. 10-1 at 2](), ¶ 8). Only well-pleaded factual allegations in the complaint relating to liability are taken as true upon default.

Mr. Bell also seeks injunctive relief. Under the Copyright Act, the Court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Mr. Bell alleges monetary damages are insufficient to compensate him for his injury because such damages will not prohibit future infringement. The only hardship Top Class will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. An appropriate injunction will prohibit Top Class from posting the photograph on its website.

Mr. Bell also seeks a declaratory judgment. Under the Declaratory Judgment Act, the Court may render a declaratory judgment "where there exists an actual controversy . . . ." *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)). By default, it is taken as true that Mr. Bell owns the

copyright in the photograph. Yet a recent Internet search reveals that the photograph is no longer published on Top Class's website, https://topclassmoving.com/moving-from-chicago-to-indianapolis-indiana.html (last visited Sept. 18, 2017). Therefore, it cannot be said that a substantial controversy exists between the parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), and concluding no such controversy existed where defendants had removed the photo at issue from their websites and the websites no longer existed).

Finally, Mr. Bell seeks an award of attorneys' fees and costs. The Court has discretion to award fees and costs. 17 U.S.C. § 505. In copyright actions, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[N]o precise rule or formula" for making attorneys' fee-award determinations exists, *id.*; rather, the Court should exercise its equitable discretion. *Id.* The Seventh Circuit has held that prevailing defendants are presumptively entitled to recover attorney fees. *See Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). But no such presumption exists for prevailing plaintiffs. In deciding whether to award attorneys' fees, "the two most important considerations . . . are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Id.* at 436. The determination of whether fees should be awarded must await a decision on the amount of damages to be awarded.

### III.  CONCLUSION

Because Top Class failed to file an answer or otherwise defend itself in this action, the Court **GRANTS** Mr. Bell's Motion for Default Judgment ([Filing No. 9](Filing No. 9)) and finds Top Class in default as to liability for the copyright infringement claim asserted against it in the Complaint ([Filing No. 1](Filing No. 1)).

5

The matter is scheduled for an evidentiary hearing on damages on **October 25, 2017 at 9:30 a.m**. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, 46 E. Ohio Street, Indianapolis, Indiana. *See* Fed. R. Civ. P. 55(b)(2)(B)–(D) (the court may conduct an evidentiary hearing "to determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter"). Mr. Bell will be allowed his costs of $417.50. Following the evidentiary hearing, an injunction will be issued to prohibit Top Class from posting the photograph on its website.

**SO ORDERED.**

Dated: 9/18/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Top Class Moving, Inc.
c/o Adnan Grifat, Resident Agent
4957 Oacton Street, Unit 302
Skokie, Illinois 60077